**Darlene I. ROJAS–ITHIER,
et al, Plaintiff,**

v.

**SOCIEDAD ESPAÑOLA DE AUXILIO MUTUO Y BENEFICIENCIA DE PUERTO RICO d/b/a Hospital Auxilio Mutuo, Defendant.**

No. CIV. 02–1170(JAG).

United States District Court,
D. Puerto Rico.

Aug. 14, 2003.

Rafael E. Garcia–Rodon, San Juan, PR, for plaintiff.

Carlos Martinez–Texidor, Dennis J. Cruz–Perez, Martinez–Texidor & Fuster, Ponce, PR, for defendant/third-party plaintiff.

Ramonita Dieppa–Gonzalez, Miranda Cardenas & Cordova, San Juan, PR, for third-party defendant.

### OPINION AND ORDER

GARCIA–GREGORY, District Judge.

Presently before the Court is third-party defendant Dr. Celia G. Mendez Martir (hereinafter Mendez) motion for summary judgment (**Docket No. 30.**) Defendant Sociedad Española de Auxilio Mutuo y Beneficiencia de Puerto Rico (hereinafter Hospital Auxilio Mutuo) duly opposed the motion for summary judgment. (**Docket No. 34.**)

Mendez alleges that, because there is no expert medical evidence to sustain the allegations in the third party complaint brought against her, summary judgment should be granted in her favor. Hospital Auxilio Mutuo claims that there is no need for an expert witness in this matter, as there is a controversy of fact as to whether Mendez was available to timely assist with the Plaintiff Darlene Rojas Ithier (hereinafter Rojas) crisis. After a careful review of the record, the Court finds that Hospital Auxilio Mutuo has failed to establish through expert evidence that there exists a genuine issue of material fact as to Mendez' medical assistance of Rojas, and summary disposition in favor of Mendez is warranted.

### SUMMARY JUDGMENT STANDARD

Rule 56(c) of the Federal Rules of Civil Procedure, sets forth the standard for ruling on summary judgment motions: "The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show

that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R.Civ.P. 56(c). The critical question is whether a genuine issue of material fact exists. A genuine issue exists if there is sufficient evidence supporting the claimed factual dispute to require a choice between the parties' differing versions of the truth at trial. *Morris v. Government Dev. Bank of Puerto Rico*, 27 F.3d 746, 748 (1st Cir. 1994); *LeBlanc v. Great Am. Ins. Co.*, 6 F.3d 836, 841 (1st Cir.1993), *cert. denied*, 511 U.S. 1018, 114 S.Ct. 1398, 128 L.Ed.2d 72 (1994). A fact is material if it might affect the outcome of the suit under the governing law. *Morrissey v. Boston Five Cents Sav. Bank*, 54 F.3d 27, 31 (1st Cir. 1995); *Maldonado Denis v. Castillo–Rodriguez*, 23 F.3d 576, 581 (1st Cir.1994). On a motion for summary judgment, the court must view all evidence and related inferences in the light most favorable to the nonmoving party. *See Springfield Terminal Ry. v. Canadian Pac. Ltd.*, 133 F.3d 103, 106 (1st Cir.1997). Nonetheless, the court is free to "ignore 'conclusory allegations, improbable inferences and unsupported speculation.'" *Suarez v. Pueblo International, Inc.*, 229 F.3d 49, 53 (1st Cir. 2000) (citing *Medina–Munoz v. R.J. Reynolds Tobacco Co.*, 896 F.2d 5, 8 (1st Cir. 1990)).

### DISCUSSION

On February 6, 2002 plaintiffs filed the present cause of action against Hospital Auxilio Mutuo for hospital malpractice in the death of their premature son. The complaint did not include Mendez, nor were there any allegations in relation to the medical care she provided to plaintiff. Hospital Auxilio Mutuo then filed a third-party complaint against Mendez and her insurance carrier, SIMED. Plaintiffs and Hospital Auxilio Mutuo have reached a settlement agreement in this case (Docket No. 42), and Hospital Auxilio Mutuo has requested the dismissal without prejudice of the third party complaint (Docket No. 40). Mendez has opposed that the dismissal should be without prejudice, and has requested this Court to consider this summary judgment motion in support of a dismissal with prejudice (Docket No. 41).

■ Hospital Auxilio Mutuo's claim against Mendez arises under Article 1802 of the Civil Code of Puerto Rico, that states "A person who by an act or omission causes damage to another through fault or negligence, shall be obliged to repair the damage so done." P.R. Laws Ann. tit. 31 § 5141 (1990). To prevail in action brought under Article 1802, a party must meet three requirements: (1) actual damages must be shown; (2) there must be a causal connection between the damages and the act or omission of another; and (3) the act or omission must have been negligent (at fault). *Soc. Gananciales v. G. Padin, Inc.*, 117 P.R. Dec. 94 (1986).

■ Under Article 1802, negligence is not presumed because of the existence of a harm. Rather, plaintiff has the burden of showing through a preponderance of the evidence that the harm caused was most likely caused by the negligence claimed by plaintiff. The negligence of a physician, therefore, is not presumed by the fact of an injury or unsuccessful treatment. To establish a prima facie case of damages for negligence by a physician, a plaintiff must submit evidence on (1) the minimum standards of medical care and skill applicable to general practitioners or specialists; and (2) the causal relation between the physician's action or omission and the damage caused to the patient. *Medina Santiago v. Velez*, 1988 WL 580859, 120 P.R. Dec. 380 (1988).

■ This Court's decision must be grounded on the expert and documentary

evidence presented by the parties. Plaintiff must establish, through expert evidence, the degree of care and scientific knowledge required by the profession in the treatment of a specific type of patient. *Rodriguez Crespo v. Hernandez*, 1988 WL 580794, 21 D.P.R. 639 (1988).

■ Mendez' motion for summary judgment presents sixteen (16) uncontested facts of which Hospital Auxilio Mutuo contests only one; that is, whether or not the expert reports impute any negligence or deviation on the part of Mendez. Hospital Auxilio Mutuo's brief opposition, however, argues two points: (1) that there is controversy as to the orders delivered by Mendez to the nursing staff during Rojas' crisis, and (2) that the expert reports are contradictory amongst themselves. To support the first of these allegations, Hospital Auxilio Mutuo asserts that there are discrepancies between the notes entered by RN Maysonet and those of Mendez. Although Hospital Auxilio Mutuo makes reference to the corresponding exhibits, it does not point to specific examples in the documents. In addition, Hospital Auxilio Mutuo does not point to specific instances in the expert reports to support its second allegation that the expert reports are contradictory. These claims are plainly conclusive without specific references to the record. Moreover, the issue at hand is not the particular discrepancies that there may exist; but rather, whether or not said discrepancies establish a prima facie case against Mendez.

Hospital Auxilio Mutuo does not put forth any arguments as to whether these discrepancies are sufficient to establish negligence, much less the necessary causal link between the alleged negligence and the harm suffered by Rojas. Mendez argues in her motion for summary judgment that, as a matter of law, Hospital Auxilio Mutuo will not be able to meet its burden of proof in its allegations against Mendez. The memorandum of law presented by Hospital Auxilio Mutuo does not challenge any of the legal arguments put forth by Mendez, nor does it offer any case law to support its view that it has proffered enough evidence to support a finding of negligence against Mendez.

A careful reading of the expert reports submitted in this matter reveals that none of them address or impute any negligence on the part of Mendez. In addition, the only expert opinion produced by Hospital Auxilio Mutuo is that of Dr. Ramos Perea, a neonatologist, and it is limited to the issues concerning damages. Absent any specific expert evidence as to the negligence of Mendez, this Court finds that Hospital Auxilio Mutuo is unable to meet the burden of proof necessary to sustain a cause of action in this matter.

### CONCLUSION

The Court concludes that there are no genuine issues of material fact and that Hospital Auxilio Mutuo has failed to meet its burden of proof for a medical negligence claim against Mendez. Therefore, the Court hereby **GRANTS** Mendez's Motion for Summary Judgment (**Docket No. 30**) and **dismisses with prejudice** the claims against third-party defendants. Judgment shall be entered accordingly.

IT IS SO ORDERED.